1

2

3

4

5

6

7

8                         **UNITED STATES DISTRICT COURT**

9                        **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    UNITED STATES OF AMERICA,                    CASE NO. 13cr913 JM
                                                   CIVIL NO. 14cv1425 JM
12                              Plaintiff,
             vs.                                   ORDER DENYING MOTION
13                                                 BROUGHT PURSUANT TO 28
      JOSE CHAVARRIA PEREZ,                        U.S.C. §2255
14
                                Defendant.
15

16

17           On July 24, 2013, pursuant to a plea agreement, Defendant Jose Chavarria Perez

18    ("Defendant"), a non-United States citizen, pleaded guilty to a single-count information

19    charging Defendant with importation of approximately 1331 kilograms of marijuana

20    in violation of 21 U.S.C. §§ 952, 960 and 18 U.S.C. § 2 .  On February 6, 2014, the

21    court sentenced Defendant to 70 months custody. On or about June 9, 2014, Defendant

22    filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255

23    ("Motion").  As the sole ground for Defendant's Motion, Defendant indicates he has

24    "just learned of federal law that would allow [him] to apply for citizenship in the

25    United States of America" and "he would like to apply and become a citizen of this

26    country."  (Motion at 3).  For the reasons set forth below, the court summarily

27    dismisses the Motion.

28           Claims for relief under 28 U.S.C. § 2255 must be based on a constitutional error,

1    a jurisdictional error, a defect resulting in a miscarriage of justice, or an unfair

2    procedure. 28 U.S.C. § 2255(a); United States v. Timmreck, 441 U.S. 780, 783-84

3    (1979). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, "[i]f it

4    plainly appears from the motion, any attached exhibits, and the record of prior

5    proceedings that the moving party is not entitled to relief, the judge must dismiss the

6    motion and direct the clerk to notify the moving party." The court does not need to hold

7    an evidentiary hearing or obtain a response from the government. See 28 U.S.C. §

8    2255; United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986).

9          "As a general rule, '[28 U.S.C.] § 2255 provides the exclusive procedural

10   mechanism by which a federal prisoner may test the legality of detention.'" Harrison

11   v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) (quoting Lorentsen v. Hood, 223 F.3d

12   950, 953 (9th Cir. 2000)). "Section 2255 allows a federal prisoner claiming that his

13   sentence was imposed 'in violation of the Constitution or laws of the United States' to

14   'move the court which imposed the sentence to vacate, set aside or correct the

15   sentence.'" Id. (quoting 28 U.S.C. § 2255).  While recognizing Defendant's desire to

16   become a United States citizen, Section 2255 is not the proper avenue for pursuing

17   citizenship in this country.  Nor does Defendant's current request to become a United

18   States citizen have any relationship to the legality of his imposed sentence.  The

19   Motion does not contain any allegations of constitutional error, jurisdictional error,

20   defect resulting in a miscarriage of justice, or unfair procedure related to his sentence

21   such that relief would be warranted under Section 2255.

22         Moreover, Defendant waived his right to collaterally attack his sentence.

23   Contract law standards govern the validity of plea agreements. United States v. Keller,

24   902 F.2d 1391, 1393 (9th Cir. 1990).  A defendant validly waives his appellate rights

25   if the language of the waiver encompasses his right to appeal on the grounds raised and

26   he knowingly and voluntarily agrees to waive those rights. United States v. Rahman,

27   642 F.3d 1257, 1259 (9th Cir. 2011).  A waiver provision barring a defendant from

28   seeking collateral relief under a Section 2255 motion is valid and enforceable.  See

1  United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993); see United States v.

2  Navarro-Botello, 912 F.2d 318, 321-22 (9th Cir. 1990) (reasoning the public policy of

3  finality supports upholding waivers in plea agreements).  Defendant validly waived his

4  right to collaterally attack his sentence when he executed a plea agreement expressly

5  waiving his right to appeal or to collaterally attack his conviction and sentence unless

6  the court imposed a custodial sentence greater than the high end of the guideline range

7  recommended by the government.  The waiver applies because, at sentencing, the court

8  imposed a sentence less than the recommended guideline range recommended by the

9  Government.  The record reveals that Defendant's waiver was knowing and voluntary.

10         Accordingly, the court denies the Motion in its entirety.  The Clerk of Court is

11  instructed to close the file.

12         **IT IS SO ORDERED.**

13  DATED:  July 1, 2014

14                                                                   _____

15                                                                   Hon. Jeffrey T. Miller
                                                                     United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28